UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-1038 JGB (SPx)** | Date | July 11, 2018 |
|---|---|---|---|
| Title | ***Rajesh Varma, et al. v. Nationstar Mortgage LLC, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):    Attorney(s) Present for Defendant(s):

None Present    None Present

**Proceedings:** Order (1) DENYING Plaintiffs' Motion to Remand to State Superior Court, Riverside Historic Courthouse (Dkt. No. 13.); and (2) VACATING the Hearing Set for July 16, 2018 (IN CHAMBERS)

Before the Court is Plaintiffs' Rajesh Varma and Mahima Varma (collectively, "Plaintiffs") Motion to Remand to Riverside Historic Courthouse. ("Motion," Dkt. No. 13.) Defendants Nationstar Mortgage LLC and The Bank of New York Mellon (collectively, "Defendants") filed an opposition on June 25, 2018. ("Opposition," Dkt. No. 16.) Plaintiffs have not filed a reply. The Court considers this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. Upon consideration of the papers filed in support of and in opposition to this Motion, the Court DENIES Plaintiffs' Motion and VACATES the hearing set for July 16, 2018.

## I. BACKGROUND

On April 12, 2018, Plaintiffs filed a complaint in the Superior Court of California in the County of Riverside against Defendants. ("Complaint," Dkt. No. 1-1.) The Complaint alleges five causes of action: (1) violations of the California Rosenthal Fair Debt Collecting Practices Act, California Civil Code § 1788, et seq; (2) violations of California Civil Code §§ 2924.17, 2924(a)(6); (3) violations of California Business and Professions Code § 17200; (4) intentional infliction of emotional distress; and (5) injunctive relief under California Business and Professions Code § 17200 and Code of Civil Procedure § 526.

According to the Complaint, Plaintiffs entered into a consumer loan transaction in the amount of $1,500,000.00 with America's Wholesale Lender on June 23, 2006. (Id. at 5.) On July 1, 2013, the mortgage servicing of the debt obligation was transferred from Bank of America, N.A. to Defendant Nationstar. (Id. at 6.) During the summer of 2015, Plaintiffs experienced financial hardship and contacted Defendant Nationstar to seek a loan modification agreement. (Id.) Defendant Nationstar told Plaintiffs that to be considered for a loan modification agreement, they had to be behind on payments for at least three months. (Id.) Plaintiffs stopped making payments in August 2015, and have not made a payment since. (Id.) In August of 2016, Mortgage Electronic Registration Systems, Inc., ("MERS") executed an Assignment of Deed of Trust that purportedly transferred all beneficial interest under the Deed of Trust to Defendant Bank of New York Mellon. (Dkt. No. 1–1, Exh. B.) Plaintiffs contend the note they received from Defendant Nationstar does not evidence any assignment to Defendant Bank of New York Mellon. (Dkt. No. 1–1, Exh. C.)

On May 13, 2016, a Notice of Default was recorded by Defendants against Plaintiffs for failure to make a payment. (Complaint at 6–7.) On April 3, 2018, Plaintiffs received a Notice of Trustee's Sale which informed them a foreclosure sale was scheduled for May 8, 2018. (Id. at 7.) Plaintiffs allege Defendants are not the creditors nor do they represent the true "creditor" of their obligation, thus, they are without the legal authority to attempt to collect on their debt obligation. (Id.)

On May 14, 2018, Defendants filed a Notice of Removal. ("Notice," Dkt. No. 1.) Defendants argue removal is proper based on diversity of citizenship and on the amount in controversy. (Notice at 2.) On June 12, 2018, Plaintiffs filed this Motion.

## II. LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statue." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

Moreover, the Ninth Circuit "strictly construe[s] the removal statue against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Guas v. Miles Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Jackson v. Specialized Loan Servicing, LLC, No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014) (quoting Gaus). "The strong presumption against removal jurisdiction means that defendant always has the burden of establishing that removal is proper." Jackson, 2014 WL 5514142, at *6. The court must resolve doubts regarding removability in favor or remanding the case to state court. Id.

The district court should first consider whether it is "facially apparent" from the complaint that the jurisdiction amount has been satisfied. See Simmons v. PCR Tech., 209 F.

Supp. 2d 1029, 1031 (N.D. Cal. 2002) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). When the complaint does not specify the amount of damages, "the court may examine facts in the complaint and evidence submitted by the parties." Simmons, 209 F. Supp. 2d at 1031. The jurisdictional minimum may be satisfied by claims for special general damages, attorney's fees and punitive damages. See Condrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp 1196, 1198 (N.D. Cal 1998).

If an amount in controversy is not stated in the complaint, the defendant bears the burden to establish the amount in controversy at removal. Rodriguez v. AT&T Mobility Servs. LLC, 728 F. 3d 975, 981 (9th Cir. 2013). A removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). A defendant's amount in controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court." Id. at 553. If "defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." Id. at 554. This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting Singer, 116 F.3d at 377). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." Ibarra, 775 F.3d at 1198.

### III. DISCUSSION

Plaintiffs contend Defendants fail to carry their burden of establishing federal jurisdiction. (Motion at 4.) First, Plaintiffs argue Defendants fail to establish complete diversity jurisdiction and prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. (Id. at 5.) Second, Plaintiffs claim Defendants base their Notice on the fact that subsections of the Federal Debt Collection Practices Act are incorporated into the Rosenthal Act. (Id. at 6.) This second argument, however, is not actually made by Defendants in their Notice. Consequently, the Court will not address that argument here.

#### A. Diversity of Citizenship

Plaintiffs allege Defendants "failed to establish complete diversity." (Id. at 5.) In their Notice, Defendants address the diversity of the parties and clearly list the citizenship of each. (Notice at 3–4.) According to Defendants, the Complaint alleges Plaintiffs reside in the real property in controversy, which is domiciled in Riverside, California. (Notice at 3 (citing Complaint at 4).) Therefore, Plaintiffs are citizens of California for diversity purposes. (Notice at 3.) Defendant Nationstar is a "Delaware limited liability company, and an indirect wholly-owned subsidiary of Nationstar Mortgage Holdings, Inc., a publicly-traded Delaware corporation with its principal place of business in Dallas, Texas." Thus, Defendant Nationstar is a citizen of Delaware and Texas for purposes of diversity jurisdiction. (Id.) Defendant Bank of New York Mellon has its principal place of business in Pittsburg, Pennsylvania and is a wholly owned

subsidiary of Bank of New York Mellon Corporation, a New York Corporation. (Id.) Thus, Defendant Bank of New York Mellon is a citizen of Pennsylvania and New York for the purposes of diversity jurisdiction. (Id.) These diversity facts are undisputed. Accordingly, Defendants have sufficiently established diversity of citizenship between the parties.

### B. Amount in Controversy

Plaintiffs claim Defendants fail to carry the burden of establishing, by a preponderance of the evidence, that the claim in the instant case meets or exceeds $75,000.00. (Motion at 5.) Further, Plaintiffs argue the fact that they requested $1,500,000.00 total in damages "does not mean they will ultimately receive that amount and does not equate to their actual damages at the time of removal." (Id.) In Mireles v. Wells Fargo Bank, N.A., the court stated, "if the complaint alleges damages in excess of the federal amount-in-controversy requirement . . . then the amount-in-controversy requirement is presumptively satisfied unless it appears to a legal certainty that the claim is actually for less than the jurisdictional minimum." 845 F. Supp. 2d 1034, 1049 (C.D. Cal. 2012) (internal quotations omitted); see also, Guglielmino v. McKee Foods Corp., 506 F.3d 696 (9th Cir. 2007) (determining that "when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount.") In the instant case, it is facially apparent that Plaintiffs' Complaint alleges damages sufficient to meet the federal jurisdictional requirement. (Complaint at 18.) Plaintiffs have not argued that it appears to a legal certainty that the damages are less than the judicial minimum. Accordingly, Defendants have established that the amount in controversy meets the jurisdictional threshold.

### IV.   CONCLUSION

The Court finds there is diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional requirement. The Court DENIES Plaintiffs Motion to Remand and VACATES the hearing for July 16, 2018.

**IT IS SO ORDERED.**